The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
*************
The parties' Industrial Commission Form 21, Agreement as to Payment of Compensation, having been approved by the Industrial Commission, constitutes an Award and is hereby incorporated by reference. In addition, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. On 30 October 1993, plaintiff injured his neck when a loading ramp slipped while plaintiff was sitting on a forklift.
2. On 10 December 1993, the parties entered an Industrial Commission Form 21, Agreement as to Payment of Compensation. This agreement was approved by the Industrial Commission on 15 September 1994.
3. Pursuant to the parties' agreement, plaintiff was paid temporary total disability compensation for one week at the rate of $364.55.
4. Dr. Marsigli suggested that plaintiff remain out of work until 15 November 1993. Plaintiff never performed his job because defendant-employer closed. Plaintiff received his salary for two weeks in the amount of $1,056.00. Beginning 10 December 1993, plaintiff began receiving unemployment benefits until 14 May 1994, totaling $7,300.00.
5. On or about 14 May 1994, plaintiff became self-employed selling food service equipment.
6. Plaintiff continued to work until 20 November 1996, when he was admitted to Nash General Hospital for a C4-C5 anterior microcervical discectomy and fusion with iliac bone graft.
7. Plaintiff injured his neck on 3 May 1986 in a motor vehicle accident. Dr. Marsigli rated plaintiff as having a five percent impairment of his neck as a result of that injury.
8. Plaintiff injured his back in a work-related accident for a different employer on 3 February 1991. In September 1992, Dr. Marsigli performed a lumbar laminectomy and subsequently rated plaintiff as having a twenty-five percent permanent impairment of his back, with twenty percent of the impairment being attributable to the injury on 3 February 1991.
9. A binder of seventeen exhibits consisting of plaintiff's medical records, Industrial Commission forms, correspondence, plaintiff's recorded statement, discovery responses and an Order Approving Compromise Settlement Agreement, collectively marked as Stipulated Exhibit Number Two, is admitted into evidence.
*************
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff's employment history consisted primarily of work in the retail grocery industry. Plaintiff had worked as a bag boy. He worked as an assistant manager for Safeway for ten years. He then worked as a manager for Piggly Wiggly for fours years. He worked as a store manager for Nash Finch for two years. He worked for defendant-employer as an assistant manager for five months prior to 30 October 1993. Plaintiff had also worked as a fireman for seven years.
2. As an assistant manager for defendant-employer, plaintiff was responsible for scheduling and supervising other employees, building displays, ordering stock and maintaining inventory. At times, plaintiff's work duties required him to lift boxes of merchandise weighing up to fifty pounds.
3. After his injury, plaintiff presented to the Boice-Willis Clinic where he was evaluated by Dr. Harris. Dr. Harris excused plaintiff from work until he could be evaluated by Dr. Marsigli. Plaintiff presented to Dr. Marsigli on 1 November 1993. On that date, plaintiff was experiencing neck pain that radiated into his low back. He had no neurological deficits in his upper extremities. Dr. Marsigli prescribed medication and excused plaintiff from work until 15 November 1993. Dr. Marsigli released plaintiff to return to work on 15 November 1993.
4. There is no evidence of record that Dr. Marsigli imposed any physical restrictions upon plaintiff when he was released to return to work.
5. When plaintiff returned to work, defendant-employer informed plaintiff that his employment was being terminated because its business was closing. After his employment with defendant-employer was terminated, plaintiff unsuccessfully sought employment with insurance agencies and grocery stores.
6. Defendant-employer continued plaintiff's salary for two weeks as severance pay. Beginning 10 December 1993, plaintiff received weekly unemployment benefits which continued through 14 May 1994.
7. On 14 May 1994, plaintiff became self-employed, operating a food service equipment business. In 1994, plaintiff drew a total of $9,000.00 from this business. In 1995, he drew $4,350.00. Through 6 September 1996, he drew $2,810.00.
8. On 21 November 1996, plaintiff underwent neck surgery consisting of a cervical discectomy and fusion at C4-C5. After recuperating from his surgery, plaintiff returned to work in his food service equipment business.
9. Dr. Marsigli testified on re-direct examination that the incident on 30 October 1993 "may have aggravated" plaintiff's pre-existing cervical condition. However, on re-cross examination he clarified his earlier testimony, stating that there was a possibility that the incident on 30 October 1993 aggravated plaintiff's pre-existing cervical condition, but that he had no opinion whether the incident in fact aggravated his condition. Dr. Marsigli repeatedly testified that he had no opinion on the question and would not "commit [himself] either way."
10. The evidence of record is insufficient to prove by its greater weight that the incident on 30 October 1993 caused plaintiff's herniated disc which necessitated the surgery on 21 November 1996.
11. The evidence of record is insufficient to prove by its greater weight that plaintiff's diminished earning capacity after 30 October 1993 resulted from his injury on that date as opposed to the closure of defendant-employer's business.
*************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to no additional temporary disability compensation as a result of his injury on 30 October 1993. N.C. Gen. Stat. § 97-29; N.C. Gen. Stat. § 97-30.
2. Plaintiff is entitled to no permanent partial disability compensation as a result of his injury on 30 October 1993. N.C. Gen. Stat. § 97-31.
*************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 O R D E R
1. Under the law, plaintiff's claim for additional workers' compensation must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendants shall pay Dr. Marsigli $235.00 as an expert witness fee.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER